<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |
|---|---|
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION AS RECEIVER FOR PENNY LANE PARTNERS, L.P., | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| ROBERT KLEIN, | ) ) ) |
| Defendant. | ) ) ) |

Civil Action No. 08-1964 (GEB)

**MEMORANDUM OPINION**

---

**BROWN, Chief Judge**

This matter comes before the Court upon Defendant Robert Klein's ("Defendant") Motion to Dismiss and Plaintiff's Cross-Motion for Default Judgment. The Court has reviewed the parties' submissions and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will deny Defendant's Motion to Dismiss and grant Plaintiff's Motion for Default Judgment.

## I.      BACKGROUND

The undersigned appointed the Plaintiff on May 16, 2006, as Receiver during the resolution of the related matter <u>United States v. Penny Lane Partners, L.P.</u>, Civil Action No. 06-1894. The SBA filed the instant complaint on April 22, 2008, "as receiver for Penny Lane Partners, L.P." ("Penny Lane") against Defendant. (Docket Entry No. 1.) An Affidavit of Service for Summons

and Complaint served on Defendant was filed on June 12, 2008, indicating that Defendant was served on May 31, 2008.  (Docket Entry No. 4.)  Thereafter, on August 21, 2008, Plaintiff filed its request for Entry of Default, and the Clerk's Office entered default on August 22, 2008.  (Docket Entry No. 5.)  On November 30, 2008, Defendant filed a Motion to Dismiss.  (Docket Entry No. 6.)  Plaintiff, pursuant to this Court's January 22, 2009 Order (Docket Entry No. 13), timely filed its opposition to the Motion to Dismiss and a Cross Motion for Default Judgment on February 2, 2009.  (Docket Entry No. 14.)  The Court's consideration of these motions follows.

II.     **DISCUSSION**

    A.     **MOTION TO DISMISS**

Although Defendant failed to file a brief in support of his motion, he  seemingly argues that this Court lacks jurisdiction to consider the matter, stating in the motion that "[t]he defendant is not subject to the personal jurisdiction of this court."  (Docket Entry No. 6.)  Defendant states in his motion that dismissal is warranted because Defendant failed "to file copies of the complaint in the district court for each district in which property is located within [ten] days of being appointed receiver, pursuant to [28 U.S.C. § 754]."  (Docket Entry No. 6.)  Defendant's attorney also  filed a one-page certification, which states that he certifies that Defendant does not reside in New Jersey, but rather lives in Florida. (Docket Entry No. 6-2.)

Plaintiff argues that "[Defendant's] Motion to Dismiss is a sham" and that "[t]he attack on this Court's personal jurisdiction is a ruse to circumvent the rules and requirements for setting aside the Clerk's Entry of Default against him."  (Docket Entry No. 18 at 12.)  Plaintiff argues that Defendant's purpose in filing this motion is that if or when it is denied, then his "time to file an

answer is automatically enlarged by [Federal Rule of Civil Procedure 12(a)(4)(A)] and the Clerk's Entry of Default is expunged without any showing that good cause exists." (Id.)  Further, Plaintiff argues that the motion is deficient in that it "inexcusably" fails to include an affidavit from a person with personal knowledge, documentary support of the contentions asserted, and a memorandum of law, as is required by Local Civil Rules 7.1(d)(1) and 7.2(a).  (Id. at 12, 14.)  Plaintiff further asserts that while Defendant asserts that the Receiver failed to comply with the jurisdictional requirements set forth in 28 U.S.C. § 754, that assertion is disingenuous because "[p]rior to making the instant motion, defendant's counsel already had documentary proof that the Receiver's [sic] filed copies of the Receivership Order and the complaint from the Receivership Proceeding in all three District Courts in Florida." ((Id. at 13 n. 2) (citing U.S. S.B.A. v. Hirsch, Civil Action No. 08-1394 and U.S. S.B.A. v. Scott, Civil Action No. 08-1397)).  Plaintiff also argues that Defendant's submission is deficient because it fails to include a brief, or alternatively, a statement explaining why no brief is necessary, which is a violation of Local Civil Rule 7.1(d)(1) and (4).  (Docket Entry No. 18 at 13.) Further, Plaintiff asserts that this Court properly has jurisdiction in this matter pursuant to 15 U.S.C. §687(c) and 28 U.S.C. §§ 754 and 1692 and that no "minimum contacts" are required and are not relevant.  (Id. at 15 to 18.)

The Court concludes that Defendant's submission to the Court is procedurally defective, that Plaintiff has not provided adequate support for his motion.  The Court also concludes that denial of the motion is appropriate.   Therefore, because Plaintiff's Motion to Dismiss has been filed in violation of Local Civil Rules of Procedure 7.1 and 7.2, the Court will deny the motion.  For this reason, at this time, the Court also need not address Plaintiff's other arguments regarding jurisdiction that have been made in response to its understanding of those arguments made by Defendant in his

Motion to Dismiss.

### B.     MOTION FOR DEFAULT JUDGMENT

Plaintiff filed a Cross Motion for Default Judgment, in which Plaintiff argues that Entry of Default was properly entered against Defendant, that "there is no good cause to set aside Defendant's default," that Defendant have not "sought an extension of time to file an answer or sought to set aside the Clerk's Entry of Default," and that therefore, Plaintiff's motion should be granted. (Docket Entry No. 8-4 at 21.) Plaintiff argues that the only action taken to date is "Defendant's sham motion to dismiss" and "it gives no indication that defendant has any meritorious defense." (Id. at 23.) Plaintiff also argues that Defendant was properly served on May 31, 2008, at his residence, located in Hollywood, Florida. (Id. at 22.) Plaintiff further argues that once default has been entered, it may only be set aside for good cause, and that consideration of the three factors listed in United States v. $55,518,05 in U.S. Currency, 728 F.3d 192. 195 (3d Cir. 1984) should lead to this Court's finding that Defendant does not have a meritorious defense. (Id. at 23 to 25.) Specifically, Plaintiff asserts in this respect that Defendant "acquired fifty percent (50%) of non-party Novio's limited partnership interest in Penny Lane, which correlates to $115,000.00 total capital commitment" and that pursuant to that agreement Defendant "assumed all the obligations for those Assigned PLP Interest." (Docket Entry No. 18 at 25.) Further, Plaintiff asserts that it "demanded defendant Klein to pay his $42,533 unfunded capital commitment balance" in a letter dated March 11, 2008, but that Defendant has failed to remit any of the amount demanded and also failed to give notice to Penny Lane, alternatively, pursuant to Sections 5.13, 5.14, or 5.15 of the Limited Partnership Agreement. (Id. at 27.) Finally, Plaintiff argues that this Court may presume Defendant's culpability due to his failure

"to answer, move or otherwise respond;" that "[t]he sham motion by itself is egregious enough for this Court to find the defendant culpable for his failure to timely answer;" and that the Receiver has and will be prejudiced should its motion be denied.

Defendant did not file a response to Plaintiff's motion.

### 1.    Default Judgment Standard

Default is governed by Federal Rule of Civil Procedure 55. FED. R. CIV. P. 55. Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, No. 07-1522, 250 F.R.D. 171, 177, 2008 U.S. Dist. LEXIS 28324 (D.N.J. April 7, 2008) (citation omitted). "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Super 8 Motels, Inc. v. Kumar, No. 06-5231, 2008 U.S. Dist. LEXIS 28066 (D.N.J. April 1, 2008) (citing Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1983)).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Doug Brady, 250 F.R.D. at 177 (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir.1987) (stating that "we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")). "In

weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." Id. (citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir.1984)).   A defendant demonstrates a meritorious defense if "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984).  Therefore, a defendant's assertions "must contain specific facts that would allow Defendants to advance a complete defense" and must be substantively sufficient.  Days Inn Worldwide v. Jerbev Corp., No. 08-1659, 2009 U.S. Dist. LEXIS 29138, at *3-*4 (D.N.J. April 8, 2009) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d at 195-96; Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 983 (3d Cir. 1988)).

Further, although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. Signs by Tomorrow - USA, Inc. v. G.W. Engel Co., Inc., No. 05-4353, 2006 U.S. Dist. LEXIS 56456, at *5-6 (D.N.J. Aug. 1, 2006) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, No. 03-1969, 2006 U.S. Dist. LEXIS 14027,  at *1 (D.N.J. Mar. 14, 2006) (citation omitted)).  "Consequently, before granting a default judgment, the Court must first ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" Signs, 2006 U.S. Dist. LEXIS 56456, at * 6 (quoting Directv, Inc., 2006 U.S. Dist. LEXIS 14027, at *1 (citation omitted)).


### 2.    Analysis

The Office of Clerk of this Court granted Plaintiff's request for an entry of default under

Federal Rule of Civil Procedure 55(a).  See Husain v. Casino Control Comm'n, No. 07-3636, 2008 U.S. App. LEXIS 3700, at *4 (3d Cir. Feb. 20. 2008) (stating that "entry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)").  See also Bank of Nova Scotia v. James, No. 2005-08, 2008 U.S. Dist. LEXIS 79240 (V.I. Oct. 8, 2008); Mims v. McCall, No. 06-4551, 2008 U.S. Dist. LEXIS 43092 (D.N.J. June 2, 2008); 10A Charles Alan Wright, Federal Practice and Procedure § 2682 (2007) (stating that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)").  Although Entry of Default was entered on August 22, 2008, Defendant proceeded to file a Motion to Dismiss on November 30, 2008, over three months later.  However, Defendant's motion was filed in violation of Local Civil Rules of Procedure 7.1 and 7.2(a).  Accordingly, pursuant to the Order that this Memorandum Opinion accompanies, and for the reasons previously discussed herein, the Court denied Defendant's motion.

Plaintiff alleges in its Complaint a cause of action for breach of contract.  Plaintiff states that "[o]n October 21, 1996, the defendant signed the LPA to be a Private Limited Partner in Penny Lane"; that "[t]he balance owed by the defendant as a Private Limited Partner is the unfunded capital commitment in the amount of $42,533.00"; that Defendant was "issued an unfunded capital commitment demand letter dated March 11, 2008 demanding payment of the amount of $42,533.00"; that "no payment has been made by the defendant"; that the LPA states that "any Private Limited Partner's failure to pay the amount due from the date due pursuant to the capital call notice for payment . . . shall be charged ten percent (10%) interest from the date the unfunded capital commitment was due"; and that for these reasons, the Court should grant default judgment in favor

7

of Plaintiff. (Docket Entry No. 1 at ¶¶ 7, 10, 15 to 17.)

The Court concludes that Default Judgment is appropriate here. First, Plaintiff's unchallenged facts, which the Court accepts as true, set forth a legitimate cause of action. See Signs, 2006 U.S. Dist. LEXIS 56456 at * 6. In addition, Defendant has not offered any opposition to the Motion for Default Judgment, and therefore, the Court concludes that the Defendant has not offered information regarding the existence of a meritorious defense. Moreover, the facts as alleged in the Complaint provide no indication of a meritorious defense. Plaintiff has been prejudiced in that this action was filed on April 22, 2008, as an ancillary matter to another case before this Court, and Plaintiff has also been prejudiced because Defendant has failed to properly respond in any substantial way to the allegations. Defendant's failure to meaningfully participate in this litigation compels this Court's grant of default judgment. The Court concludes that Defendant is culpable in respect to his failure to meet his obligations under the LPA.

Turning to damages, Plaintiff has provided the Court with a copy of the LPA, signed by Michael Novio, indicating that the amount of his total commitment was $230,000.00 at the time of signing. (Docket Entry No. 15-5 at 9, 36.) The Court notes that the handwritten amount of Mr. Novio's total commitment is illegible, but the type-written amount is clear. Plaintiff has also provided the Court with an Assignment and Assumption Agreement, signed by Defendant, in which it is indicated that Mr. Novio, in March 2000, assigned $115,000.000 to Defendant, which the Agreement states is "50% of the Assignor's right, title, interest on the date hereof, in the Partnership." (Docket Entry No. 15-7 at 2, 5.) Plaintiff has also provided Defendant's Schedule K-1 tax documents for the years 2000 through 2003. Box J(b) of these forms indicates that Defendant declared, for years 2000 and 2001, a total of $72,467.00 capital contributed, with no capital

contributed for years 2002 or 2003.  (Docket Entry No. 15-8.)  The demand letter subsequently sent to Defendant, dated March 11, 2008, states these figures exactly.  (Docket Entry No. 15-9 at 2.) Specifically, the demand letter states that total amount Defendant had contributed to date was $72,467.00, that Defendant's total commitment was $115,000.00, and that therefore, the amount due is $42,533.00.  The Court accepts these proofs, and therefore determines that damages are due in the amount demanded of $42,533.00 plus ten percent interest from the date due, March 11, 2008.

## III.    CONCLUSION

For the foregoing reasons, the Court will deny Defendant's Motion to Dismiss, and the Court will grant Plaintiff's Motion for Default Judgment in the amount of $42,533.00 plus ten percent interest from the date of March 11, 2008.  An appropriate form of Order accompanies this Opinion.

Dated: May 26, 2009

　　　　　　　　　　　　　　   s/ Garrett E. Brown, Jr.
　　　　　　　　　　　　　　  GARRETT E. BROWN, JR., U.S.D.J.

9